UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES OATIS,

    Plaintiff,

v

CITY OF DETROIT, a municipal corporation, LISA SHADE, JAMES MORGAN, CONNIE BELL, LEO RHODES, RICHARD FIRSDON, LUIS CABAN, ANTHONY FAWAZ, KRISTOPHER WHITE, MICHAEL PACTELES, LORI PIERCE, SGT. JACKSON, DAVE JEMISON, MICHAEL OSMAN, KIM MOSBY-COLBERT, JARED DAINS, OFFICER SCELFO, NEIL GENSLER, LAMAR ARMSTRONG, JAMES MILLER, WILLIAM ROBINSON, DARIO MUNIZ, CHRISTOPHER GELSO, WILLIAM DAVIS, ERIC JONES, DAVID ANDREWS, ANTHONY JAMES, OFFICER DAVIS, JOSEPH MATOS, KEVIN JOHNSON, LAMAR THOMPSON, ROBERT CRESWELL, NOVELESS DANIELS, JAMES CASHION, DONALD HAIGHT, RICHARD SAENZ, SUSAN SERDA, and RALPH CANNON, jointly and severally,

    Defendants.

03-74606

BERNARD A. FRIEDMAN

MAGISTRATE JUDGE R. STEVEN WHALEN

---

POSNER, POSNER AND POSNER
By: Samuel Posner - P 19025
Attorneys for Plaintiff

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and states that this action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

## COMPLAINT - VIOLATION OF CIVIL RIGHTS

NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and complains against the defendants herein, jointly and severally, in an action for violation of his civil rights, and says:

1. That plaintiff is a citizen of the State of Michigan and is a resident of Detroit, Michigan, and of this judicial district.

2. That the defendants are citizens of the State of Michigan and are residents of this judicial district.

3. That the City of Detroit is a municipal corporation and operates a police department known as the Detroit Police Department.

4. That on or about 11-22-00, defendants LISA SHADE, JAMES MORGAN, CONNIE BELL, LEO RHODES, RICHARD FIRSDON, LUIS CABAN, ANTHONY FAWAZ, KRISTOPHER WHITE, MICHAEL PACTELES, LORI PIERCE, SGT. JACKSON, DAVE JEMISON, MICHAEL OSMAN, KIM MOSBY-COLBERT, JARED DAINS, OFFICER SCELFO, NEIL GENSLER, LAMAR ARMSTRONG, JAMES MILLER, WILLIAM ROBINSON, DARIO MUNIZ, CHRISTOPHER GELSO, WILLIAM DAVIS, ERIC JONES, DAVID ANDREWS, ANTHONY JAMES, OFFICER DAVIS, JOSEPH MATOS, KEVIN JOHNSON, LAMAR THOMPSON, ROBERT CRESWELL, NOVELESS DANIELS, JAMES CASHION, DONALD HAIGHT, RICHARD SAENZ, SUSAN SERDA, and RALPH CANNON, each of whom is being sued in his/her individual capacity, were police officers employed by the City of Detroit and the Detroit Police Department.

5. That at all times herein, the defendants were acting in concert and/or combination and/or conspiracy with each other and/or with other persons and/or officers.

6. That at all times herein, the defendants were acting under color of state law.

7. That at all times herein, the defendants were acting in bad faith.

8. That on or about 11-22-00, in the City of Detroit, defendant police officers Shade and Morgan pulled the plaintiff over, arrested him, and intentionally, wantonly, willfully, maliciously, oppressively and wrongfully beat, struck and assaulted him, including striking him in the head with a flashlight, and intentionally, wantonly, willfully, maliciously, oppressively and wrongfully handcuffed him with excessive force and tightness, and defendant officers deliberately refused, neglected and failed to loosen the handcuffs after being informed by the plaintiff that he was in extreme pain due to being handcuffed too tightly and was suffering injury.

9. That defendant officers took the plaintiff to the 3rd Precinct where they, alone or together and in combination with other officers, did then and there intentionally, wantonly, willfully, maliciously, oppressively and wrongfully beat, strike, kick, and assault plaintiff about his body, specifically including, but not limited to, throwing him down to the floor three times with great force and also throwing him into the cell with force, all while he was handcuffed, and defendant police officers further refused, neglected and failed to loosen the handcuffs

after being informed by the plaintiff that he was in extreme pain due to being handcuffed too tightly and was suffering injury.

10. That when plaintiff complained in the cell that the handcuffs were too tight and causing him injury and that he needed the handcuffs to be loosened or removed, multiple defendant officers, alone or together and in combination with other officers, did then and there intentionally, wantonly, willfully, maliciously, oppressively and wrongfully enter the cell and beat, strike, kick, choke and assault plaintiff about his body and further refused, neglected and failed to loosen the handcuffs.

11. That the defendant officers caused serious and permanent injuries to plaintiff, both physical and mental injuries, and great pain and suffering as hereinafter set forth.

12. That said officers used excessive, unreasonable and unnecessary force when no such force was justified.

13. Further, that defendant officers had both the duty and the power to prevent or aid in the prevention of the commission of said wrongful acts against the plaintiff, and prevent the violation of his civil and constitutional rights, but neglected or refused to do so.

14. That plaintiff had a right to be protected from intentional, wanton, willful, malicious, purposeful, deliberate, grossly negligent, recklessly indifferent, and wrongful conduct by the said police officers and governmental defendant which conduct resulted in physical and mental injuries to the plaintiff and in violation of plaintiff's civil rights.

15. Defendants had a duty toward the plaintiff under the United States Constitution and the federal civil rights laws, specifically including 42 USC § 1983, to refrain from acting or failing to act so as to violate plaintiff's civil rights.

16. Each of the individual defendants breached those duties to the plaintiff and violated plaintiff's civil rights by the acts and omissions and failures to act, as pled herein.

17. That it was the policy, practice, custom and usage of defendant City to encourage violations of the civil rights of persons by its conduct and inaction which was grossly negligent and/or deliberately indifferent to the civil rights of persons and to constitutional violations by its officers, which conduct and inaction included, but is not limited to:

   (a) Failure to correct unconstitutional conditions and practices.

   (b) Failure to completely and properly investigate all prior complaints of police violence against prisoners and citizens.

   (c) Failure to promulgate and enforce regulations regarding the proper treatment of prisoners and citizens by officers, and for the intervention by officers who witness the mistreatment of persons at the hands of other officers and have the power to prevent same.

   (d) Failure to take proper disciplinary action against officers who had mistreated prisoners and/or citizens.

   (e) Allowing a pervasive and established pattern of constitutional violations to become a de facto policy by failing to take action against same or to prevent same.

   (f) Inadequate, grossly inadequate, or non-existent training and supervision of officers, including training and supervision with regard to the use of excessive force.

   (g) Failing to give adequate and proper psychological tests to prospective officers.

(h) Failing to give periodic adequate and proper psychological tests to officers in order to relieve officers found to be psychologically unfit or give them adequate treatment.

(i) Failing to adequately and properly investigate the employment history, background and fitness of persons it hired as officers.

(j) Failing to promulgate, follow, and enforce regulations concerning checking the employment history, background, and fitness, and psycholgical fitness of persons being hired as officers.

(k) Retaining persons as officers even after their negative employment history, background, and/or fitness for duty was discovered and/or should have been discovered.

18. That the policy, practice, custom and usage of defendant City, and its conduct and inaction, was a proximate cause of the violation of plaintiff's civil rights and of the injuries and damages to the plaintiff.

19. That the plaintiff had a right to be protected from the wrongful conduct by defendant City which conduct resulted in injuries and damages to the plaintiff.

20. That plaintiff had the following rights, privileges and/or immunities, among others, guaranteed him under the United States Constitution and laws of the United States:

(a) the right to due process of law;

(b) the freedom from illegal and/or unreasonable seizure of his person;

(c) the freedom from arbitrary and unreasonable interference by the police;

(d) the freedom from unnecessary force;

(e) the freedom to be secure in one's person and one's home;

(f) the freedom from being unlawfully assaulted and/or beaten;

(g) the freedom from unnecessary suffering;

(h) the freedom from unnecessary and wanton infliction of pain;

(i) the freedom from cruel and unusual punishment;

(j) the right to equal protection of the laws; and

(k) the right to liberty.

21. That by reason of the wrongful conduct by defendants, plaintiff was deprived of the rights, privileges and/or immunities guaranteed him by the United States Constitution and laws as set forth above.

22. That the wrongful conduct by defendants constituted a violation of the civil rights of plaintiff and a violation of 42 USC §1983.

23. That the defendants, acting under color of law and right, by said wrongful conduct, deprived plaintiff of the civil rights guaranteed him by 42 USC §1983, of the laws of the United States in effect at the time of the injuries inflicted upon the plaintiff by said defendants, said statute reading as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, or any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

24. That as a direct and proximate result of the wrongful conduct of defendants and the violations of plaintiff's civil rights as herein alleged, plaintiff sustained serious and

permanent injuries to his body and person, both physical and mental injuries, including but not limited to injuries to his head, neck, back, shoulders, arms, wrists, hands, legs, knees, arthritis, unconsciousness, closed head injury/traumatic brain injury, and all sequelae thereof, memory loss, and mental injuries, as well as aggravation of any and all pre-existing conditions.

25. That plaintiff's injuries are continuing and are permanent in nature.

26. That as a direct and proximate result of said wrongful conduct, plaintiff was forced to undergo, and will in the future continue to undergo medical treatment and care, was forced, and in the future will continue to be forced, to expend large sums of money and incur bills for hospital and medical treatment, and for medicines, x-rays, testing and drugs.

27. That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future continue to suffer, great pain and suffering, mental anguish, fright and shock, denial of social pleasures and enjoyments, embarrassment, and humiliation.

28. That as a direct and proximate result of the intentional, wanton, willful, malicious, and oppressive manner in which said wrongful conduct was committed, plaintiff suffered, and will in the future continue to suffer, additional great mental anguish, embarrassment, outrage, fright and shock, mortification, indignity and humiliation.

29. That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future

continue to suffer, great loss of earnings and earning capacity, and that plaintiff's earning capacity has been and will in the future continue to be greatly and/or permanently impaired.

30. That as a direct and proximate result of said wrong-wrongful conduct, plaintiff incurred substantial liabilities for attorney fees.

WHEREFORE, plaintiff asks judgment for compensatory damages as well as exemplary damages in the amount of Two Million ($2,000,000.00) Dollars against the defendants, jointly and severally, plus punitive damages against the individual defendants in the amount of Two Million ($2,000,000.00) Dollars, plus actual reasonable attorney fees and costs pursuant to 42 USC § 1988, plus statutory interest, court costs and attorney fees.

**PLAINTIFF DEMANDS TRIAL BY JURY**

POSNER, POSNER AND POSNER

By: Samuel Posner - P 19025
Attorneys for Plaintiff
1400 Penobscot Building
Detroit, Michigan 48226
965-7784